*Jones v. Menard*, 621-11-18 Wncv (Teachout, J., Mar. 27, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                            **CIVIL DIVISION**
**Washington Unit**                                          **Docket No. 621-11-18 Wncv**

**KHALIF JONES**
 **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections, et al.**
 **Defendants**

### DECISION
### The State's Motion for Summary Judgment

Plaintiff Khalif Jones seeks Rule 75 review following a disciplinary sanction that was imposed by Defendant the Vermont Department of Corrections after a second hearing on the same charge of making a false allegation of misconduct against a DOC staff person. He asserts that the sanction imposed after the second hearing was not permitted by DOC Directive 410.01 and violates his due process, Eighth Amendment, and Double Jeopardy rights. The State has filed a motion for summary judgment arguing: (1) the sanctions were proper under Directive 410.01; (2) all other issues raised by Mr. Jones were not preserved for review; (3) there was no Double Jeopardy or Eighth Amendment violation; and (4) Mr. Jones received all the process that was due. Mr. Jones did not file any opposition to the State's summary judgment motion.

Mr. Jones alleges that after he was initially charged with making a false allegation, the hearing officer, prior to any hearing, threatened to impose more onerous discipline if Mr. Jones did not "waive" the hearing, which the court infers is similar to pleading guilty. Mr. Jones waived the hearing and received discipline consisting of the loss of some privileges for a time. He then appealed his waiver claiming that he had been threatened. The superintendent noted that appeals from waivers are not normally permitted but, due to the nature of the allegations, she ordered a new hearing. After a new hearing, he was convicted and given 14 days of disciplinary segregation. He then appealed the imposition of disciplinary segregation claiming that under Directive 410.01 he could not be given more discipline because he already had been disciplined following his waiver. His administrative appeal was rejected.

Nothing in Directive 410.01 prevented the DOC from imposing discipline following the second hearing even though Mr. Jones already had served more minor discipline following the initial hearing. The disciplinary committee may not increase the discipline ordered by a hearing officer, Directive 410.01, Procedural Guidelines § 8(b)(iii)(a), but the directive imposes no limits (other than the ordinary maximum sanction for the conviction) on a hearing officer when a second hearing is ordered by the superintendent, as here. There is no allegation that the total discipline (after waived hearing + after second hearing) was greater than the maximum sanction for the particular violation. The State is entitled to summary judgment on this issue.

To the extent that Mr. Jones is seeking to raise any other claims in this case, they were not preserved for review in an exhausted administrative grievance. See generally *Pratt v. Pallito*, 2017 VT 22, 204 Vt. 313 (distinguishing preservation from exhaustion and analyzing preservation in prisoner grievance case in depth). The purpose of the preservation requirement is to ensure that the agency has a fair chance to address an issue before it is presented to the judicial branch for further review. *Id.*, 2017 VT 22, ¶ 16. "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id.* (citation omitted).

## ORDER

For the foregoing reasons, the State's motion for summary judgment is granted.

Dated at Montpelier, Vermont this _____ day of March 2019.


_____
Mary Miles Teachout
Superior Judge